**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0635n.06**
**Filed: October 20, 2008**

**No. 07-5536**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| v. | ) |
| | ) ON APPEAL FROM THE |
| GABRIEL H. BROWNLEE | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| Defendant -Appellee. | ) DISTRICT OF TENNESSEE |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

BEFORE:    KEITH, GRIFFIN, and GIBSON,[*] Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Defendant Gabriel H. Brownlee appeals his conviction and sentence for committing eight violations of the terms of his release from prison. Defendant was under supervised release following his conviction for conspiracy to commit bank fraud. He pled guilty to seven of the violations, but disputes the district court's ruling regarding the eighth allegation—that he possessed with intent to distribute prescription drugs not prescribed to him. For the reasons outlined below, we **AFFIRM** the district court's ruling.

## I. FACTUAL BACKGROUND

On October 21, 2004, Gabriel H. Brownlee ("Defendant") was sentenced to four months in

---

[*]The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit.

prison, followed by 36 months of supervised release, after being convicted of conspiracy to commit bank fraud. (J.A. 11). After Defendant's supervised release was transferred to the Western District of Tennessee in March 2005, Defendant's probation officer petitioned the district court to arrest Defendant and have his remaining term of supervision revoked based on eight violations of the conditions of his supervised release. (J.A. 6).

The Petition for Violation of Supervised Release ("the Petition") noted that seven of the violations qualified as "Grade C Violations" under the Sentencing Guidelines. The eighth alleged violation, that Defendant possessed with intent to distribute prescription drugs not prescribed to him, qualified as a "Grade A Violation." (J.A. 6). The Petition stated:

> The defendant violated this condition in that on October 28, 2006, the defendant illegally possessed with intent to distribute approximately 150 Xanax pills not prescribed to him in Davidson County, TN. (Upon attempting to enter the Faded Nightclub located at 115 2nd Ave. North, Nashville, TN, the defendant was searched by club security and found to be in possession of 150 Xanax pills.) He was subsequently convicted of Legend Drug Without Prescription and sentenced to one (1) day jail (time served) and assessed costs of $291.80.

(J.A. 6).

Defendant pled guilty to all of the violations, except the allegation that he possessed Xanax with the intent to distribute. (J.A. 18-28). Defendant noted that when he was found with the Xanax pills, he was charged only with misdemeanor possession by the Nashville Police Department. (J.A. 33-37). The Government argued that despite the misdemeanor charge, under federal law, intent to distribute could be inferred from the quantity of Xanax found, and Defendant's "actual conduct" therefore constituted a "Grade A Violation." (J.A. 32). The Government recommended that under the Sentencing Guidelines, Defendant be sentenced to 21 months imprisonment. (*Id.*) Defendant refuted the prescription drug violation and maintained that because he had no intent to distribute the

Xanax, he had committed only "Grade C Violations," and that the appropriate advisory range was therefore four to ten months imprisonment. (J.A. 33-37).

The district court considered these arguments and observed:

It doesn't seem to be any dispute, there is no dispute that, Mr. Brownlee, that you took that bottle of material inside or were going in a nightclub with it, so that - that leads to some inferences which I think flow from that. I frankly don't find your story [that you found the drugs in your rental car and forgot they were in your jacket] terribly believable that you didn't know what it was and you took it in any way, that's kind of illogical. Certainly you have an education, so it's not - it doesn't make any sense. It does appear that simply looking at the evidence that it is not in dispute that the material was taken into the nightclub for the purpose of distribution, it's a large quantity, and it is sold and used recreationally.

(J.A. 39-40).

The court concluded that the violation qualified as "Grade A." After reviewing the other violations to which Defendant had pled guilty within the context of the 18 U.S.C. § 3553(a) sentencing factors, Judge McCalla sentenced Defendant to 21 months imprisonment "with the recommendation that [he] be allowed to participate and encouraged to participate in a drug and alcohol program." (J.A. 47-48).

## II. DISCUSSION

*A. Whether the district court abused its discretion by finding that Defendant engaged in conduct constituting a "Grade A Violation" of supervised release under U.S.S.G § 7B1.1.*

This Court reviews for abuse of discretion a district court's finding that a defendant violated the terms of his supervised release. *United States v. Curtis*, 237 F.3d 598, 605 (6th Cir. 2001).

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." United States Sentencing Guidelines (U.S.S.G.) Section 7B1.1(a)(1) defines a "Grade A

Violation" of supervised release as "conduct constituting . . . a local offense punishable by a term of imprisonment exceeding one year that . . . is . . . a controlled substance offense." Application Note 1 of Section 7B1.1 explains that a defendant's actual conduct, not the actual charge, is the controlling factor, stating that:

> [a violation] may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of violation is based on the defendant's actual conduct.

Under U.S.S.G. § 4B1.2(a), a "controlled substance offense" includes an offense under state law, punishable by imprisonment for a term exceeding one year, that prohibits the possession of a controlled substance with intent to distribute. Tennessee Code Section 39-17-417(a) provides that "it is an offense for a defendant to knowingly . . . possess a controlled substance with intent to manufacture, deliver or sell the controlled substance." Such a violation is "a class d felony." T.C.A. § 39-17-417(d)(1). Tennessee Code Section 40-35-111 provides that the sentence for a class D felony is not less than two years.

This Court must therefore determine whether the district court abused its discretion in finding by a preponderance of the evidence that Defendant's actual conduct—the facts underlying his Tennessee arrest—constituted a "Grade A violation." The district court, after summarizing the undisputed evidence that Defendant entered a nightclub possessing 150 Xanax pills not prescribed to him, and considering his claim that he had found the drugs in a rental car and was "to drop off" the pills to their owner, inferred that Defendant had the intent to distribute the drugs.

As this Court has held, "intent to distribute a controlled substance has been inferred solely from possession of a large quantity of the substance." *United States v. White*, 932 F.2d 588, 590 (6th

4

Cir. 1991) (internal quotation omitted).  Although Defendant argues that he was not charged with intent to distribute by Tennessee,  Defendant's "actual conduct" is the controlling consideration.  The Government, therefore, need not present evidence of a conviction or even a prosecution for the distribution charge.  Section 7B1.1 of the sentencing guidelines "punishes *conduct* constituting a crime, not *conviction* for a crime.  Application note 1 to the section emphasizes this, as it allows a court to find a Grade A violation even if prosecutors do not bring charges or do not obtain a conviction." *United States v. McCullough*, 173 F.3d 430, 1999 U.S. App. LEXIS 12761, at *6 (6th Cir. Mar. 2, 1999) (unpublished).

Here, in assessing Defendant's actual conduct, Judge McCalla evaluated the undisputed facts and heard directly from Defendant, who stated:

> [O]n the A violation I got, the pills wasn't mines [sic], it was left in my vehicle, a rent-a-car had, and was supposed to drop the pills off to him.  They didn't have no date on them, so knew something was wrong with the pills, do admit that, but once in the club, had left them in my jacket, they searched me at the door, they didn't know what it was either.

(J.A. 37).  Based on the assessment of this story and the surrounding facts, the court found that Defendant intended to distribute the drugs in his possession.

Because the district judge had the opportunity to evaluate all the evidence involved, including the large quantity of drugs, Defendant's explanation, as well as his demeanor and credibility, Judge McCalla did not abuse his discretion by finding that Defendant's actual conduct constituted a "Grade A" violation of his supervised release.  The sentence imposed was reasonable.

**B. Whether the sentence the district court imposed for Defendant's violations of supervised release was unreasonable.**

This Court reviews a district court's sentence upon revocation of supervised release under a

5

deferential abuse of discretion standard for reasonableness. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). This Court has held that a sentence may be procedurally unreasonable "if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (internal citations omitted). A sentence may be substantively unreasonable "when the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, [or] fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *Id*. (internal citations omitted). Here, the sentence was neither procedurally nor substantively unreasonable because the district court evaluated the evidence in the record and considered the 18 U.S.C. § 3553(a) factors before imposing the sentence.

With regard to the nature, circumstances, and seriousness of Defendant's violations, the district court commented specifically on all the offenses, including the ones to which Defendant pled guilty. (J.A. 40-41). Evaluating Defendant's history and characteristics, the court noted that at the time of the initial sentence, the defendant "didn't have a lot of criminal history," (J.A. 42) but that "since then we have a high failure rate," [this behavior] "tends to suggest that . . . the actual conduct under supervision may be a better predictor of future conduct." *Id*.

Considering the need to protect the public, the court stated:

> It just looks like there has been a failure in the system and that frankly the defendant has had some trouble addressing it seriously, and recognizing that there can be serious penalties, if provided. So that suggests that we need to have a long period of incarceration, up to three years, in order to simply stop the conduct.

(J.A. 43).

Finally, applying the 15-21 Sentencing Guidelines advisory range, Judge McCalla noted, "I think the guideline calculation is correct in this case, the court doesn't feel constrained by the guidelines and should not, they're simply advisory. They are useful though, and we should certainly pay attention to them in that regard." (J.A. 45).

Because the district court considered all the appropriate sentencing factors, did not base its sentence on arbitrary or impermissible considerations, or improperly emphasize any particular factor, the sentence below was not unreasonable. We therefore **AFFIRM** the district court's conviction and sentence.