*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0341p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

             *v.*

No. 09-1986

KELLEY LaSHELLE PEEBLES,
                 *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 08-00026-001—Robert Holmes Bell, District Judge.

Decided and Filed: November 4, 2010

Before: MARTIN and McKEAGUE, Circuit Judges; LUDINGTON, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Kenneth P. Tableman, KENNETH P. TABLEMAN, P.C., Grand Rapids, Michigan, for Appellant. Daniel Y. Mekaru, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Defendant-appellant Kelley LaShelle Peebles contends that the ten-month sentence that she received for violating the conditions of her supervised release is unreasonable. Because the district court failed to calculate the applicable Sentencing Guidelines range, we **VACATE** Peebles's sentence and **REMAND** for resentencing.

_____

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

# I. BACKGROUND

Peebles entered a guilty plea to one count of committing bank fraud in violation of 18 U.S.C. § 1344 in the United States District Court for the District of North Dakota on April 27, 2007. On August 31, she was sentenced to one month imprisonment followed by three years of supervised release. After her release from prison, Peebles spent four months in a Michigan halfway house. Jurisdiction over Peebles's supervision was transferred to the Western District of Michigan on October 30, 2008. Probation Officer Stuart N. Chavis was assigned to her case.

One of the conditions of Peebles's supervised release prohibited contact with other felons without the permission of Officer Chavis. At some point, Peebles began a romantic relationship with Paris Miller, a convicted felon. In October 2008, Officer Chavis instructed Peebles that she was not allowed to have any contact with Miller. In her required monthly reports from October 2008 through February 2009, Peebles stated, falsely, that she had not had any contact with felons. But at a February 10, 2009 meeting with Officer Chavis, she admitted that she had persisted in her relationship with Miller. Peebles was pregnant at the time, and Miller was purportedly the prospective father. At the meeting, Peebles was directed to submit a report explaining the rationale for the condition that supervisees not associate with felons, but she never completed the report. The pregnancy ended in a miscarriage in March 2009.

On May 19, 2009, the district court signed a warrant for Peebles's arrest. According to the supervised release violation report, Peebles violated ten conditions of her supervised release between October 2008 and March 2009. The counts alleged that Peebles: (1) failed to provide a written report to her probation officer in six different months; (2) committed a crime by driving with a suspended license; (3) failed to report contact with a law enforcement officer within seventy-two hours after she was arrested for driving with a suspended license; (4) lied to her probation officer about continuing to associate with Miller; (5) associated with a known felon by continuing to see Miller; (6) failed to notify her probation officer within seventy-two hours after being questioned by a law enforcement officer during a traffic stop; (7) associated with a convicted felon

because Miller was present at the traffic stop; (8) refused to comply with her probation officer's direction to submit a one-page report explaining the no contact with felons rule; (9) refused to attend a March 2009 moral reconation therapy session as directed by her probation officer; and (10) failed to make any payments toward a special assessment and fine assessed against her.

Peebles was arrested on July 20, 2009. She was in the early stages of a second pregnancy, and Miller was again the prospective father. Peebles entered a guilty plea to each of the ten violations at a July 29, 2009 hearing. The district court accepted the guilty pleas to counts one and four through ten, revoked Peebles's supervised release, and proceeded to sentencing.

The district court did not calculate Peebles's applicable Guidelines range, and it is unclear what range the district court relied on in sentencing. Officer Chavis's report reflected a recommended Guidelines range of three to nine months. Both parties contend that Peebles's criminal history category was improperly calculated and her Guidelines range should have been five to eleven months. However, an Amended Supervised Release Violation Report indicates that the appropriate sentencing range was four to ten months. Ultimately, however, under her actual Criminal History Category of III, the appropriate sentencing range for a Grade B violation would have been eight to fourteen months. U.S.S.G. § 7B1.4(a).

Peebles's counsel argued for delayed reporting due to her "high-risk" pregnancy. Her counsel asked the district court to suspend her custodial sentence until after the baby was born. The prosecutor did not express opposition to the request, but the district court concluded that Peebles's conduct required a custodial sentence. Citing her unwillingness to accept responsibility for her conduct, lack of truthfulness, and lack of respect for the law and the directions of the court and her probation officer, the district court sentenced Peebles to ten months in prison. Peebles filed a timely notice of appeal on August 4, 2009 and now contends that the sentence is unreasonable.

## II. ANALYSIS

Sentences imposed for supervised release violations are reviewed "under the same abuse of discretion standard that we apply to sentences imposed following conviction." *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 572–73, 578 (6th Cir. 2007)) (quotation marks omitted). The sentence may be overturned only if it is procedurally or substantively unreasonable. *Id.* (citing *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008)).

The first step in the review process is to determine, applying the abuse of discretion standard, whether the sentence imposed by the district court is procedurally reasonable. *Bolds*, 511 F.3d at 578–79. A sentence is procedurally unreasonable if the district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the section 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Id.*; *see also Gall v. United States*, 552 U.S. 38, 51 (2007). The Guidelines are "the starting point and the initial benchmark" for all sentencing decisions, *Gall*, 522 U.S. at 49, including sentences imposed for supervised release violations, *Bolds*, 511 F.3d at 579. We have repeatedly emphasized that the first step of reasonableness review is to "ensure that the district court 'correctly calculat[ed] the applicable Guidelines range.'" *Id.* (quoting *Gall*, 522 U.S. at 49) (alterations in original); *see also United States v. Grams*, 566 F.3d 683, 686 (6th Cir. 2009) (concluding that the district judge "should have stated in open court" whether he adopted the Guidelines range calculated by the probation department in the presentence report); *United States v. Blackie*, 548 F.3d 305, 401–03 (6th Cir. 2009) (concluding that a sentence is procedurally unreasonable where it is impossible to determine from the sentencing transcript what the calculated Guidelines range was and whether the sentence was within the range).

Here, the transcript of the sentencing hearing does not reflect that the district court addressed the Guidelines range at all. The applicable Guidelines range was not discussed during the hearing by either attorney or by the judge. Therefore, it is impossible to determine with certainty what sentencing range the district court relied on,

and whether the district court meant to impose a sentence within or above that range. Because the district court did not calculate the appropriate Guidelines range, Peebles's sentence is procedurally unreasonable. Thus, we vacate Peebles's sentence and remand the case to the district court for resentencing. We decline to address Peebles's argument that her sentence is also procedurally unreasonable because the district court failed to address her request for delayed reporting in order to have her baby, as that issue is clearly now moot.

### III. CONCLUSION

Because the district court did not address the applicable Guidelines range, we cannot determine whether it relied on the correct range or whether the sentence imposed is within or above that range. We therefore **VACATE** Peebles's sentence and **REMAND** for resentencing.