**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0195n.06

No. 11-5207

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Feb 16, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| LAWRENCE PAYNE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COOK, McKEAGUE, and ROTH, Circuit Judges.[*]

PER CURIAM. Lawrence Payne pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He now appeals his sentence as procedurally and substantively unreasonable. For the following reasons, we affirm.

According to the facts set forth in the presentence report (PSR), law enforcement officers were executing a narcotics search warrant and saw Payne run into the bathroom carrying a handgun. Payne threw a bag containing 20 imitation ecstasy pills onto the floor and threw the handgun out the window. Officers later found $121 in cash in his pocket. Payne's co-defendant, Preston Coleman, was also present and was found to be carrying a handgun, 12.37 grams of marijuana, and $733 in cash. During the search of the residence, officers recovered 33 additional imitation ecstasy pills, a

---

[*]The Honorable Jane R. Roth, Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

small amount of marijuana, and a rifle. Payne was charged in state court with the sale, delivery, or distribution of an imitation controlled substance, a felony, but the charge was dismissed.

The PSR calculated Payne's base offense level as 20 and added four levels because Payne possessed the firearm in connection with another felony offense, *see* USSG § 2K2.1(b)(6), resulting in an adjusted offense level of 24. After a three-level adjustment for acceptance of responsibility, Payne's total offense level was 21, which, when combined with his criminal history category of III, yielded a guideline range of imprisonment of 46 to 57 months.

Payne objected to the § 2K2.1(b)(6) enhancement, arguing that it should not apply because possession of a counterfeit controlled substance is not a felony under Tennessee law. *See* Tenn. Code Ann. § 39-17-423 (making it a felony to sell, deliver, or distribute a counterfeit controlled substance). The government acknowledged that the objection raised a somewhat "novel issue" because the state statute did not specifically prohibit possession with intent to distribute a counterfeit controlled substance. The government argued, however, that it was reasonable to infer that Payne planned to sell the imitation ecstasy pills and that the gun had the potential to facilitate that transaction and "whatever was going on in that house." The district court overruled Payne's objection to the enhancement, concluding a preponderance of the evidence showed that Payne intended to distribute the imitation ecstasy pills. The district court also denied Payne's request for a downward variance based on his medical conditions, including AIDS and diabetes, and imposed a sentence of 52 months.

We review sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we "ensure that the district court committed no significant procedural

error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. If no procedural error occurred, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* A sentence may be substantively unreasonable "if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011). When a sentence falls within the applicable guideline range, we afford it a rebuttable presumption of substantive reasonableness. *Id.*

When considering a challenge to the application of a § 2K2.1(b)(6) enhancement, we review the district court's factual findings for clear error and accord "due deference" to the district court's determination that the firearm was used or possessed "in connection with" another felony. *United States v. Taylor*, 648 F.3d 417, 431-32 (6th Cir. 2011). Pure questions of law are reviewed de novo. *Id.* at 431.

The guidelines provide for a four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "[T]he enhancement should apply 'if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . .'" *Taylor*, 648 F.3d at 432 (quoting USSG § 2K2.1 cmt. n.14(A)). "Another felony offense" is defined as any federal, state, or local offense "punishable by imprisonment for a term

exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."

USSG § 2K2.1(b)(6) cmt. n.14(C).

Payne points out that, although it is a felony under Tennessee law to sell, deliver, distribute, or manufacture a counterfeit controlled substance, mere possession of a counterfeit controlled substance – even with the intent to distribute – is not a felony. *See* Tenn. Code Ann. 39-17-423(a)-(c). He argues that the evidence establishes only that he possessed the imitation ecstasy pills, which is a misdemeanor. *See id.* § 39-17-423(d). The second clause of § 2K2.1(b)(6)(B), however, applies when a defendant possessed a firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." As the plain language of this clause suggests, the relevant inquiry is whether, at the time that the defendant possessed or transferred the firearm, he knew or had reason to know that the firearm had the potential to facilitate another felony, regardless of whether that felony actually occurred. *See United States v. Richardson*, 510 F.3d 622, 629-30 (6th Cir. 2007) (McKeague, J., concurring). Thus, the enhancement applies when the evidence establishes that the defendant possessed a firearm with the intent to possess or use it, at some time in the future, in connection with another felony offense. *See, e.g.*, *United States v. Noster*, 590 F.3d 624, 635 (9th Cir. 2009); *United States v. Fredrickson*, 195 F.3d 438, 440 (8th Cir. 1999); *United States v. Dodge*, 61 F.3d 142, 146-47 (2d Cir. 1995). Accordingly, the government was not required to show that Payne actually committed another felony, but rather that he intended to use or possess the firearm in connection with a felony offense, i.e., the sale or distribution of the imitation ecstasy pills.

Payne argues that the government failed to make this showing because 20 pills is not a "distributable amount of ecstasy." But we find no clear error in the district court's finding that Payne planned to distribute the imitation ecstasy pills. It is improbable that Payne would carry fake pills for personal use, both Payne and his co-defendant were carrying handguns and significant amounts of cash, and, in addition to the 20 pills that Payne was carrying, there were 33 other imitation ecstasy pills in the apartment. In light of these circumstances, it was reasonable to infer that Payne planned to sell the imitation ecstasy pills, and that the handgun in his pocket had the potential to facilitate that offense. *See United States v. Angel*, 576 F.3d 318, 322-23 (6th Cir. 2009); *United States v. Burns*, 498 F.3d 578, 580-81 (6th Cir. 2007).

Payne next argues that his sentence is procedurally unreasonable because the district court relied on the "clearly erroneous" factual finding that he would receive superior medical care in a federal facility. In addition, Payne argues that the district court may have improperly lengthened his sentence to ensure that he would receive medical care. Because Payne did not raise this issue when the district court ended the sentencing hearing by asking for any objections that had not been previously raised, we apply plain error review. *See Brooks*, 628 F.3d at 796; *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

A district court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment . . . programs," so long as it does not impose or lengthen the sentence to ensure that the defendant receives rehabilitative services. *Tapia v. United States*, 131 S. Ct. 2382, 2392-93 (2011). Before imposing its sentence, the district court reviewed the relevant § 3553(a) factors, discussed Payne's prior offenses, and explained that it was rejecting Payne's

request for a below-guidelines sentence because of his extensive criminal history. Only after pronouncing its sentence did the district court note that Payne would likely receive better care in a federal facility than anywhere else, a point that the district court repeated in response to Payne's statement that he "might not make it out" of prison because of the length of his sentence. Thus, the record reflects that the district court based its sentence primarily on Payne's extensive criminal record, not his need for medical treatment. No plain error occurred.

Finally, Payne challenges the substantive reasonableness of his sentence, arguing that the district court gave too much weight to his criminal history and insufficient weight to his medical condition. As noted above, however, the district court considered Payne's arguments in favor of leniency, in particular his medical issues, but found that Payne's lengthy criminal history and the other § 3553(a) factors weighed against imposing a lower sentence. Under these circumstances, Payne has failed to overcome the presumption that his within-guidelines sentence is substantively reasonable.

For these reasons, we affirm the district court's judgment.