NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0190n.06

No. 11-1026

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

***Feb 16, 2012***

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RICHARDO L. URBINA, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GRIFFIN and KETHLEDGE, Circuit Judges; THAPAR, District Judge.[*]

KETHLEDGE, Circuit Judge. The district court refused to allow Richardo Urbina to withdraw his admission to four violations of his conditions of supervised release. We affirm.

Following Urbina's release from prison in October 2009, the Probation Department alleged that Urbina had violated his conditions of supervised release by twice assaulting his daughter, by preventing her from contacting the police to report the assault, and by failing to report to his probation officer. Urbina, through counsel, indicated his intent to admit these violations and waive his right to a hearing under Federal Rule of Criminal Procedure 32.1. After a colloquy in which the district court satisfied itself that Urbina's plea was voluntary and that he understood his rights and the consequences of waiving them, the court revoked Urbina's supervised release and sentenced him

---

[*]The Honorable Amul Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

to twelve months in prison and three additional years of supervised release. The court also imposed a special condition that Urbina have no contact with his family during the first year of supervised release.

Urbina appealed the district court's judgment to this court on July 9, 2010, exclusively on the ground that the special condition was unreasonable. On October 28, 2010, the United States and Urbina jointly moved to remand the matter for resentencing. While his appeal was still pending, on November 4, 2010, Urbina filed a pro se "motion to dismiss counsel" with the district court, alleging that his counsel's performance during the supervised release revocation hearing had been constitutionally deficient and that his plea had been coerced. Urbina sought to withdraw his plea and receive new counsel. The district court denied the motion for lack of jurisdiction, because the case was currently with the Sixth Circuit. Meanwhile, this court granted the joint motion to remand for resentencing on November 18, 2010. On November 22, 2010, Urbina re-filed his motion to dismiss counsel with this court, but we returned it to him without action since we had already disposed of his appeal. The district court then entered a revised judgment on December 2, 2010, amending the special condition relating to Urbina's contact with his family.

Urbina filed the present motion with the district court on December 9, 2010, reiterating his ineffective-assistance and involuntary-plea claims. Urbina again sought to withdraw his plea, to be appointed new counsel, and to receive a new hearing. The district court denied the motion. The court then treated Urbina's request for a "new appeal" as a notice of appeal from its judgment, bringing the matter to this court once again.

As to Urbina's challenge to his plea, it has long been the rule that "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter[.]" *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997). In Urbina's first appeal to this court, on July 9, 2010, his sole claim of error involved the special condition prohibiting contact with his family. He did not argue that his plea had been involuntary, even though he knew then of all the facts he cites in support of that claim now (they all occurred before or during the district court's June 25, 2010 hearing). Thus, Urbina could have pursued that claim with our court during his first appeal. He did not, so he has waived it. *See United States v. Sedore*, 512 F.3d 819, 827 (6th Cir. 2008) ("If Defendant did not raise the argument in his first appeal, he is now foreclosed from making such a claim").

Urbina replies that he was unable to appeal the voluntariness of his plea on July 9, 2010 because the record did not contain the factual basis for that claim until his motion on November 4, 2010. That is true, but Urbina only has himself to blame for it: he specifically answered the district court's colloquy by saying that he was satisfied with his counsel's performance and that no one had threatened or coerced him into his plea. (Supervised Release Violation Hr'g Tr. 3–4.) Only after Urbina obtained relief in his first appeal did he change his story on those points. If credited now, Urbina's argument would mean that defendants may continuously bring new challenges to old orders, and that each denial by the district court will come with a new right to appeal. The law does not permit such "perpetual litigation." *Sedore*, 512 F.3d at 827.

As to Urbina's ineffective-assistance claim, we will not hear that challenge on direct review. *See United States v. Valdez*, 362 F.3d 903, 913–14 (6th Cir. 2004). The proper way for Urbina to

pursue that claim is in a motion for post-conviction relief under 28 U.S.C. § 2255, so that the parties can develop an adequate record on the issue of counsel's performance. *Valdez*, 362 F.3d at 913–14. That Urbina did not pursue his ineffective-assistance claim in his initial direct appeal does not bar him from bringing it in a timely collateral proceeding under § 2255. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003).

The district court's judgment is affirmed.