NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0443n.06

No. 11-4231

FILED

26 Apr 2012

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

MICHAEL G. JACKSON,

       Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

_____/

BEFORE:    MARTIN, CLAY, and WHITE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Michael G. Jackson appeals the judgment of the district court sentencing him to five years' imprisonment for violating the conditions of his supervised release. For the following reasons, we **AFFIRM** Jackson's sentence. Jackson's request for bond pending appeal is **DENIED** as **MOOT**.

I.

In 1992, Jackson pled guilty to one count of unlawful receipt of a firearm by a convicted felon. This Court affirmed the conviction and fifteen-year sentence. *United States v. Jackson*, 995 F.2d 1068 (6th Cir. 1993). In 2005, Jackson was released from custody and began serving a four-year term of supervised release. In July 2008, while on supervised release, Jackson was arrested in Lorain, Ohio, and charged in the Lorain County Court of Common Pleas with two counts of drug trafficking, which are second- and third-degree felonies, respectively; possession of drugs, a third-

degree felony; possession of criminal tools, a fifth-degree felony; and possession of drug paraphernalia, a fourth-degree misdemeanor. Jackson pled guilty to three fifth-degree felonies—two counts of trafficking in drugs and possession of criminal tools—and a fourth-degree misdemeanor charge of possession of drug paraphernalia. Jackson also agreed to act as a confidential informant and assist the Lorain police. For these state crimes, Jackson was sentenced to three years' probation by the Lorain County Court of Common Pleas.

Jackson's federal probation officer filed a violation report alleging that Jackson had committed two violations of his supervised release: a new law violation and acting as a confidential informant without permission of the district court. Jackson admitted to the two violations of supervised release. The district court calculated a United States Sentencing Guideline range of fifty-one to sixty months and imposed a five-year conditional sentence, held in abeyance pending six months of GPS-monitored home detention. The district court judge who sentenced Jackson retired shortly thereafter and the case was transferred to a new judge. The new judge, believing the conditional sentence was improper, requested briefing on the issue of his authority to change the sentence. Ultimately, the district court concluded that it had no authority to impose a conditional sentence, and that it had no choice but to immediately order the imposition of the five-year sentence that was originally imposed. On appeal, this Court vacated the initial sentence and the subsequent order putting the sentence into effect, and remanded for de novo resentencing. *See United States v. Jackson*, 434 F. App'x 483, 483 (6th Cir. 2011).

The district court held a resentencing hearing and determined that, pursuant to Sentencing Guideline 7B1.4(a), Jackson's Guideline range was fifty-one to sixty months because Jackson had

committed "Grade A" violations of his supervised release and had a criminal history category of VI.

Jackson argued that he should be sentenced as if he he committed "Grade C" violations because he had pled guilty to fifth-degree felonies where the authorized maximum term of imprisonment is one year or less under Ohio law. If based on "Grade C" violations, Jackson's Guideline range would have been 8 to 14 months. The district court rejected this argument, finding that the grade violation does not depend upon the conduct of which a defendant is convicted in a criminal proceeding but rather upon a defendant's actual conduct. The district court quoted from the Lorain Police Department Narrative Supplement Arrest Report that stated Jackson sold Oxycontin pills on two separate occasions in July and August 2008.

The district court resentenced Jackson to five years' imprisonment, the statutory maximum. Jackson now appeals his sentence, contending that the sentence is unreasonable, and requests bond pending appeal.

II.

We review sentences imposed for supervised release violations "under the same abuse of discretion standard that we apply to sentences imposed following conviction." *United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010) (internal quotation marks omitted). "The sentence may be overturned only if it is procedurally or substantively unreasonable." *Id.*

We begin our review by determining whether the sentence imposed was procedurally unreasonable. *Id.* "A sentence is procedurally unreasonable if the district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the [18 U.S.C. §] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to

adequately explain the chosen sentence." *Id.*; *see also Gall v. United States*, 552 U.S. 38, 51 (2007). Whether the district court correctly calculated the Guideline range is "the starting point and the initial benchmark." *Peebles*, 624 F.3d at 347 (quoting *Gall*, 552 U.S. at 49) (internal quotation marks omitted).

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." The United States Sentencing Guidelines section 7B1.1(a)(1) defines a "Grade A" violation of supervised release as "conduct constituting . . . [a] local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." In determining a sentence for a supervised release violation, "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1, n.1.

When determining a sentence, district courts "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). "The Federal Rules of Evidence do not apply to supervised release revocation hearings." *United States v. Chames*, 376 F. App'x 578, 581 (6th Cir. 2010) (citing Fed. R. Evid. 1101(d)(3)). According to Jackson, there was not enough reliable evidence in the record for the district court to conclude that Jackson's conduct amounted to "Grade A" violations and the court erred when it based its decision on information in the Lorain Police Department Arrest Report, specifically alleged

statements made by a confidential informant, and the original indictment from Lorain County. We do not endorse the regular use of police reports as evidence in sentencing determinations. In this case, however, given Jackson's plea, we do not believe his sentence is procedurally unreasonable. As the district court explained, it did not need to rely on the accuracy of the confidential informant's statements to find that Jackson had engaged in more than one drug sale and that he was involved in a pattern of conduct. Jackson pled guilty to two counts of trafficking in drugs in Lorrain County.

The indictment charged him with selling ten Oxycontin pills on one occasion and fifteen Oxycontin pills on a second occasion—both acts punishable by more than one year under Ohio law—and Jackson did not dispute this conduct when it was described by the district court at his hearing. Indeed, Jackson admitted that on one occasion listed in the indictment he was accompanied by his minor daughter and Jackson, through counsel, conceded that Jackson sold a total of twenty-five pills. The district court did not abuse its discretion by finding that Jackson's actual conduct constituted "Grade A" violations of his supervised release. *See United States v. Brownlee*, 297 F. App'x 479, 482-83 (6th Cir. 2008).

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Sentences within the Guidelines range may be presumed reasonable. *Gall*, 552 U.S. at 51; *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Jackson contends that the district court improperly based his incarceration on the need for rehabilitation. A sentencing court errs when it lengthens a defendant's sentence to ensure that he receives rehabilitative treatment. *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011). A review of the sentencing hearing transcript indicates that the district court did not "calculate[] the length of [the] sentence to ensure that [Jackson] receive certain rehabilitative services," as the Supreme Court prohibited in *Tapia*. 131 S. Ct. 2393; *see also United States v. Tolbert,* No. 10-6467, 2012 WL 413806, at *5 (6th Cir. Feb. 10, 2012) ("While the district court did allude to [the defendant's] mental health issues and conclude that he would benefit from treatment, we find that the district court did not impermissibly impose or lengthen [the defendant's] sentence to enable him to complete a treatment program or promote his rehabilitation."). The district court did not abuse its discretion or improperly consider rehabilitation in sentencing Jackson.

Jackson also contends that the district court erred by failing to consider Jackson's age and health when determining his sentence. The sentencing transcript reflects that the district court did consider Jackson's request for leniency because of his age and health conditions but determined that because he was suffering from the same ills at the time of his supervised release violations, any effects of his age and health problems were not so severe as to warrant leniency in this case. The district court also considered Jackson's lengthy prior record, his relationship with his daughter and the need for the sentence imposed. The district court did not fail to consider Jackson's health or otherwise impose an arbitrary sentence in this case.

III.

For these reasons, we **AFFIRM** the judgment of the district court. Jackson's request for

bond pending appeal is **DENIED** as **MOOT**.