NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0752n.06

No. 11-2000

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 12, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff - Appellee           )          ON APPEAL FROM THE UNITED
                                   )          STATES DISTRICT COURT FOR THE
v.                                 )          WESTERN DISTRICT OF MICHIGAN
                                   )
KEVIN TROY TURLIN,                 )                    OPINION
                                   )
    Defendant - Appellant          )

Before:  COOK and STRANCH, Circuit Judges, and STAMP, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.**  Defendant Kevin Turlin appeals the 18-month sentence of imprisonment the district court imposed following revocation of Turlin's supervised release.  We affirm.

## I.  FACTS

In 2003, Turlin pled guilty to a charge of conspiring to possess with intent to distribute and to distribute 100 kilograms or more of marijuana.  The district court imposed a sentence of 120 months in custody.  The court reduced the sentence to 105 months following a remand under *United States v. Booker*, 543 U.S. 220 (2005), and later reduced the sentence to 87 months after Turlin filed a motion under 18 U.S.C. § 3582(c)(2).

---

[*]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

After serving the sentence, Turlin was placed on supervised release. When he violated the conditions of supervised release by possessing marijuana, the court required Turlin to return to prison for 13 months, to be followed by 23 months of supervised release, six months of which were to be served in a halfway house. Turlin completed the term of custody and a stay at the halfway house, but he again violated conditions of supervised release when he tested positive for cocaine and was not truthful with his probation officer about his drug use.

On August 8, 2011, Turlin pled guilty to supervised release violations, and the district court revoked Turlin's supervised release. The district court determined that the advisory guideline range for sentencing was 8 to 23 months. The court sentenced Turlin to a term of 18 months in custody, with no supervised release to follow.

During sentencing, the court expressed "pretty significant" disappointment in Turlin's inability to comply with the terms of supervised release, but explained that the court's perception of Turlin's conduct was not the reason for imposing an 18-month sentence. The court stated that it could not be more lenient than it was on the previous occasion when the court imposed a sentence of 13 months in prison after Turlin violated the conditions of his supervised release by possessing a sizeable quantity of marijuana. The court believed that Turlin had been introduced to the skills he needed to complete supervised release successfully and that a future term of supervised release would not be helpful. After discussing the case at length with Turlin during allocution and after hearing the arguments of defense counsel, the court agreed to recommend to the Bureau of Prisons ("BOP") that Turlin receive vocational training and a substance abuse evaluation while incarcerated.

The court then turned to the applicable sentencing factors under 18 U.S.C. § 3553(a), taking into account the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to deter crime and protect the public from further crimes of the defendant. The court also considered what would be necessary to "provide the defendant with needed medical, educational, and/or correctional treatment" and stated that "I made my recommendations to the Bureau of Prisons in that regard." The court further contemplated the need to avoid unwarranted sentencing disparity among similarly situated defendants, the applicable guideline range, any applicable guideline policy statements, and the kinds of sentences available. The court found that restitution was not at issue.

With all of the sentencing factors in mind, the court was concerned that Turlin had twice used controlled substances while on supervised release; that his second violation involved the use of cocaine, a more serious illegal drug than marijuana; and that Turlin's first reaction was to lie to the probation officer by denying his use of cocaine. The court found that untruthfulness was not conducive to Turlin's continued participation in the ACE Program. Therefore, the court determined that a sentence of 18 months in prison was sufficient, but not greater than necessary to comply with the § 3553(a) sentencing factors.

When the court asked defense counsel and the government if there were any legal objections to the sentence imposed, both counsel replied that they had no objections. When the court asked defense counsel if she was satisfied that the court had addressed all of her arguments on the record, counsel stated that she was satisfied.

3

## II. ANALYSIS

Turlin argues on appeal that the 18-month sentence was substantively unreasonable because the district court lengthened the custodial term imposed on revocation of supervised release based on an impermissible factor—Turlin's need for rehabilitation—in violation of *Tapia v. United States*, 131 S. Ct. 2382 (2011). In *Tapia*, the Supreme Court held that the Sentencing Reform Act precludes a district court from imposing or lengthening a term of incarceration in order to promote an offender's rehabilitation. *Id.* at 2393.

The Government contends that we may review this issue only for plain error because Turlin failed to assert a *Tapia* objection at sentencing. Turlin argues that our ordinary abuse-of-discretion standard of review applies because he is asserting substantive unreasonableness of the sentence, while plain error may apply to belated claims of procedural unreasonableness. *See United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010) (noting same abuse-of-discretion standard of review applies to a sentence imposed on revocation of supervised release as a sentence imposed following initial conviction); *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc) (holding that failure to object at sentencing will subject procedural unreasonableness claim to plain error review). In published cases where defendants raised *Tapia* violations on direct appeal, we reviewed the sentences for substantive reasonableness under an abuse-of-discretion standard. *United States v. Tolbert*, 668 F.3d 798, 803 (6th Cir. 2012) (affirming sentence as substantively reasonable); *United States v. Walker*, 649 F.3d 511, 513–14 (6th Cir. 2011) (reversing sentence as substantively unreasonable). We will follow the same approach here. *But cf. United States v. Payne*, 462 F.

4

App'x 579, 582 (6th Cir. 2012) (applying plain error review where defendant argued that the sentence was procedurally unreasonable because it violated *Tapia*).

We have not held in a published opinion that *Tapia* extends to sentences of imprisonment imposed on revocation of supervised release, although we recently released an unpublished opinion applying *Tapia* in a supervised release case. *United States v. Jackson*, No. 11-4231, 2012 WL 1449681, at *3 (6th Cir. Apr. 26, 2012). Both Turlin and the Government agree that the principles expressed in *Tapia* are applicable to supervised release sentencing. We need not canvass the law of other circuits or consider the distinctions between sentencing initially upon conviction and sentencing upon revocation of supervised release in order to resolve the point definitively here because, even assuming *Tapia* applies to sentences imposed on revocation of supervised release, no *Tapia* violation occurred in this case.

"A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Tapia*, 131 S. Ct. at 2392. The district court "properly may address a person who is about to begin a prison term about these important matters" and the court is allowed to "urge the BOP to place an offender in a prison treatment program." *Id.* What the court cannot do is impose or set the length of the imprisonment term so that a defendant qualifies for a particular rehabilitative program in prison, such as the BOP Residential Drug Abuse Program that was at issue in *Tapia*.

Here, the district court did not do that which is wrong—impose or lengthen Turlin's sentence in order to promote his rehabilitation. It did precisely what is "very right"—used its proper authority

to *recommend* programs that could benefit Turlin in conquering both the physical addiction and economic issues which underlie his drug abuse problem. *See id.* The court properly recommended that the BOP provide Turlin with vocational training and a substance abuse evaluation while incarcerated. *See id.*; *Tolbert*, 668 F.3d at 803 (holding district court observed that defendant would benefit from mental health treatment, but court did not impermissibly impose or lengthen prison term to promote rehabilitation). District courts are free to make recommendations to the BOP, *Tapia*, 131 S. Ct. at 2392, and it is wholly appropriate to do so.

### III. CONCLUSION

Because there was no *Tapia* violation below and Turlin does not otherwise challenge his sentence, we conclude that the 18-month custodial term imposed following revocation of supervised release was substantively reasonable. The court considered the pertinent sentencing factors and did not abuse its discretion in imposing the sentence. Accordingly, we AFFIRM.