NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 12-4431

UNITED STATES COURT OF APPEALS
File Name: 13a0695n.06
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 29, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
**Plaintiff-Appellee**, )
) ON APPEAL FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE NORTHERN
SOPHIA L. AUSTIN, ) DISTRICT OF OHIO
)
**Defendant-Appellant**. )
) **O P I N I O N**
_____ )

BEFORE:  ROGERS and COOK, Circuit Judges; VAN TATENHOVE,[*] District Judge.

**GREGORY F. VAN TATENHOVE, District Judge.**  In 2007, Sophia Austin pled guilty to violating 18 U.S.C. § 641, theft of government funds.  Austin completed her term of imprisonment and was on supervised release when she violated the terms of her release.  Three issues are now before the Court arising from that violation and the sentence imposed.

**I**

The factual basis for Austin's conviction was theft of over $180,000 of United States Railroad Retirement widow's benefits that was paid to Austin's mother--after she was deceased.

_____

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

- 1 -

Austin was sentenced to thirty-seven months' imprisonment and restitution for the amount of money that was stolen, followed by a three-year term of supervised release.

While under supervision, and subject to required drug testing and restitution payments, Austin tested positive for cocaine and was accused of not making the required payments. The district court responded by summoning Austin to appear for a revocation proceeding. She appeared with counsel, and after some indecision, decided to contest the violations. Austin's probation officer was immediately called by the United States to testify as to the supporting facts. Following direct and cross-examination, the court found that Austin violated the conditions of her release. Seven months incarceration was imposed, which constituted a sentence at the bottom of the guideline range. Austin's supervised release was also extended: "I will extend twelve months the original three years that I put in place." Objections were sought, but none was asserted by either party.

Austin submits three arguments for consideration on appeal: her sentence is substantively unreasonable; the length of the new term of supervised release is unclear; and she was provided ineffective assistance of counsel. We affirm the term of incarceration, remand for clarification regarding the length of supervised release, and decline to review Austin's counsel's performance.

**II**

A sentence rendered after revocation of supervised release is reviewed under an abuse of discretion standard. *United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009)). If a sentence is procedurally and substantively reasonable, it is upheld. *Id*. (citing *Kontrol*, 554 F.3d at 1092). Only the substantive reasonableness is challenged by Austin. "The sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or

unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011) (citing *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). A rebuttable presumption of reasonableness attaches to sentences within the applicable Guidelines range. *Id*. (citing *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008)).

The essence of Austin's argument is that the purpose of supervised release--rehabilitation--was not honored by the district court's sentence. *United States v. Lewis*, 498 F.3d 393, 397 (6th Cir. 2007). In support, Austin offers that she needed treatment for her drug problem, not incarceration. Austin expounded on this issue in a letter to the district court dated prior to the revocation proceeding. [R. 27-2.] In the letter, Austin acknowledged using drugs but attributed her use to stresses caused by her family. She requested counseling as punishment. [*Id*.]

Austin neglects to mention that the district court explained why treatment was not going to be selected: treatment had been provided after she tested positive for drugs in April 2012. In July 2012, she failed the drug screens at issue in the revocation proceeding. Furthermore, at the proceeding Austin vacillated about agreeing to the violations, eventually deciding to contest them.

The district court was faced with a defendant who both admitted and denied using drugs. Treatment could have been imposed by the court, but that it deemed another option preferable is completely reasonable. There is nothing to suggest that this within-Guidelines sentence was not carefully considered, individually tailored, and one to which deference is due. We find no abuse of discretion.

Austin's next argument is reviewed for plain error because she did not object to the sentence. *See United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). Although plain error requires a finding that there is a clear and obvious error that affected an appellant's substantial rights and "the

fairness, integrity or public reputation of judicial proceedings," *Brooks*, 628 F.3d at 797, that standard is met, as the United States concedes.

Austin's underlying conviction constitutes a Class C felony. 18 U.S.C. § 3559(a)(3). The maximum term of supervised release for a Class C felony is three years, § 3583(b)(2), and that term remains unchanged at a revocation hearing with one modification. *See* § 3583(h). The maximum amount of time supervision can be imposed must be calculated after any period of incarceration is subtracted. *Id.*; *United States v. Brown*, 639 F.3d 735, 737 (6th Cir. 2011). In this case, once a seven-month sentence of imprisonment was ordered, twenty-nine months was the longest possible period of supervision that could be imposed. The district court's sentence, however, appears to exceed that limit.

After Austin was ordered to be incarcerated, the district court explained, "I will extend the term of her supervised release for twelve months. The additional twelve months of supervised release, which will follow after her release, obviously, from the Bureau of Prisons. I will extend twelve months the original three years that I put in place." The United States explains that this sentence has at least two different interpretations, but regardless the sentence is too long. Plain error thus results. *See United States v. Brown*, 163 F. App'x 370, 373 (6th Cir. 2006). Consequently, we vacate Austin's supervised release sentence and remand to the district court for resentencing only as to that matter.

Review of a claim for ineffective assistance of counsel is disfavored on direct appeal. *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). This preference exists because the available record is formed for a purpose other than reviewing the performance of counsel. *Id.* Therefore, it is typically inadequate to properly

support this ancillary proceeding. *Id*. The paucity of information about Austin's counsel's decisions and the circumstances surrounding the hearing results in a conclusion in accordance with *Ferguson*. *See, e.g.*, *United States v. Urbina*, 459 F. App'x 549, 551 (6th Cir. 2012). It should be noted that Austin is not prejudiced by this finding as she may pursue this claim via collateral attack. *Id*. (citing *Massaro*, 538 U.S. 508-09).

## III

For the aforementioned reasons, we **AFFIRM** Austin's term of incarceration, **REMAND** for the limited purpose of resentencing Austin for her period of supervised release, and **DECLINE** to review Austin's claim for ineffective assistance of counsel.