NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0541n.06

No. 14-2547

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 30, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GERARD MICHAEL COULOMBE, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    COLE, Chief Judge; GIBBONS and STRANCH, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.  Gerard Michael Coulombe challenges the substantive reasonableness of the sentence imposed upon the revocation of his term of supervised release.  For the following reasons, we affirm.

I.

Coulombe pled guilty in 2009 to the armed robbery of a credit union in violation of 18 U.S.C. § 2113(a), (d) and was sentenced to fifty-four months of imprisonment and five years of supervised release.  In May 2014—approximately six months after his release from custody—Coulombe admitted using heroin, crack cocaine, and marijuana, in violation of the terms of his supervised release.  The conditions of release were modified to require him to reside at a Residential Reentry Center for twelve months.

But by August 2014, while residing in the reentry center, he began using drugs again. The following month, he absconded from the center. His probation officer reported these events—which gave rise to seven violations of the conditions of his supervised release—to the district court and recommended that his supervised release be revoked.

At the revocation hearing, Coulombe pled guilty to all seven violations. He also admitted that he altered his urine sample for at least one drug test at the center. His attorney told the court about Coulombe's history of drug use: he began using illicit drugs to self-medicate after an accident and then "slowly sunk into the drug world over a period of time." The attorney explained that Coulombe had the support of many individuals—including his girlfriend, mother, and employer—who would be positive influences as he tried to return to a drug-free life.

For the violation of the conditions of his supervised release, Coulombe requested a sentence at the low end of the Guideline range and asked the court not to impose an additional period of supervised release. His attorney believed "that supervised release at this point probably [would] not assist this defendant." The government requested a sentence at the high end of the range. But it did not request supervised release, in part because the probation office indicated that Coulombe would not benefit from its services.

The court imposed a fourteen-month term of imprisonment, at the top of the Guideline range, followed by twenty-four months of supervised release. As a condition of supervision, the court required that Coulombe reside at a Residential Reentry Center for eleven months. The court told Coulombe: "maybe when you come back and go back on supervised release it will be for the purpose of really getting yourself squared away and back on track."

Coulombe then personally addressed the court. He accepted responsibility for his actions, recognizing: "[t]he choice has ultimately always been my own." But he continued:

> [E]verything about my addiction in this case has been related to my supervised release. All of the people that I get my drugs from and that get high that are in my life are people that I meet on supervised release . . . . The reason that I relapsed after rehab is because I was tossed into a ten-man dorm room at the Residential Reentry Center with four drug dealers and four gang members. There was readily available grams of heroin available in my room . . . ."

He explained that he wanted to "remove myself from the system so that I could move on with my life." The court responded as follows:

> Well, I don't have any way of testing what you have said, and even assuming that it is all true, I don't know who else you would meet . . . at the Residential Reentry Center except people who are in a similar situation as you. Whether they make illegal drugs available to you or encourage you to use them, again, is not something that can be unexpected. But the point is that this is why the programming is available. And that is to help you get to the point where you recognize what's going on, and that you can deal with it successfully. . . . It is my considered opinion that it is the best way to ensure that you will get on the right track and stay there.

Coulombe timely appealed.

## II.

### A.

We review sentences for supervised release violations in the same manner as we review sentences following conviction. *See United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010). Coulombe challenges only the substantive reasonableness of his sentence. We review such challenges "under the deferential abuse-of-discretion standard." *United States v. Byrd*, 689 F.3d 636, 639 (6th Cir. 2012).[1]

### B.

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant

---

[1] Plain-error review does not apply because "[a] litigant has no duty to object to the 'reasonableness' of the length of a sentence . . . *during* a sentencing hearing, just a duty to explain the grounds for leniency." *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). The factors to be considered are those enumerated in 18 U.S.C. 3553(a). *See United States v. Garcia*, 758 F.3d 714, 724 (6th Cir. 2014). When the sentence is within the Guideline range—as is Coulombe's—we apply a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Smith*, 564 F. App'x 200, 204 (6th Cir. 2014) ("[T]he appropriate inquiry is not whether the district court *could* have awarded a lower sentence," but whether it "*must* . . . have done so." (internal quotation marks omitted and emphases added)).

Coulombe's sentence was within the Guideline range. The Guideline range upon the revocation of supervised release was eight to fourteen months of imprisonment. *See* U.S.S.G. § 7B1.4(a). As to the additional term of supervised release to be imposed, the Guideline range was two to five years, *see id.* § 5D1.2(a)(1), though the district court was limited by statute to a maximum of forty-six months.[2]

Coulombe's first argument is that the sentence is substantively unreasonable because "sentencing [him] to continued supervised release and attendance at the re-entry program is setting [him] up for failure . . . [and] will be detrimental to his physical and mental health." He claims, as a result, that this aspect of the punishment "fails to meet the sentencing goals." He correctly notes that one § 3553 factor is "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional

---

[2] Under 18 U.S.C. § 3583(h), the term of supervised release to be imposed following revocation may "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D). His argument fails, however, because the district court appropriately considered that factor. The court explicitly stated, both in initially announcing the sentence and in responding to Coulombe's statement, the belief that supervised release would be the best way to address his drug use problems. Coulombe clearly disagrees with this assessment and the district court's view also differed from that of the government and the probation office. But a disagreement with the result the district court reached in applying a § 3553 factor is not a basis for a substantive reasonableness challenge. Coulombe does not allege—nor does the record suggest—that the district court failed to consider his need for effective treatment, placed undue weight on that single factor, or imposed an additional term of supervised release for arbitrary reasons.

Coulombe also contends "that the length of imprisonment is unreasonable," and specifically claims "that a prison term of less than fourteen months would satisfy [the] requirement" that the sentence afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B). Again, Coulombe fails to overcome the presumption of reasonableness because he does not show that the court misused the sentencing factors. In fact, the record suggests that the court adequately considered the factors, including the need for adequate deterrence, in reaching its decision. And "it is not for the Court of Appeals to decide *de novo* whether the . . . sentence [is] reasonable." *Gall*, 552 U.S. at 59. The district court did not abuse its discretion in imposing a fourteen-month prison sentence.

Finally, Coulombe argues that his sentence was substantively unreasonable because the court did not consider "the unique factors of [Coulombe's] addiction," the fact that he was not involved in violent or otherwise harmful acts, and "the difficulties and challenges that [Coulombe] suffered in the residential treatment program and re-entry program." District courts

-5-

must indeed consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a). Here, the court did just that. It recognized that the crime for which Coulombe was originally imprisoned was largely driven by his drug addiction; it noted that the initial period of supervised release and the social support he received both failed to address his addiction; and it referred to the statements that both Coulombe and his girlfriend gave at sentencing. The court concluded that there was "potential for redemption," but that there was "a fairly significant risk" of further problems "unless he has some appropriate treatment." The court believed that the sentence imposed—especially the additional term of supervised release—was appropriate in light of Coulombe's personal characteristics. In response to Coulombe's expression of his concerns about the sentence, the court again stated its belief that supervised release was "the best way to ensure that you will get on the right track and stay there." Coulombe again fails to overcome the presumption of reasonableness.

Overall, we are satisfied the district court applied the § 3553 factors appropriately. Coulombe's sentence was not substantively unreasonable.

### III.

For the above reasons, we affirm the sentence imposed upon the revocation of Coulombe's supervised release.