NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0552n.06

No. 13-5895

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 24, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,               )
                                        )
    Plaintiff-Appellee,               )
                                        )        ON APPEAL FROM THE UNITED
v.                                      )        STATES DISTRICT COURT FOR
                                        )        THE WESTERN DISTRICT OF
ANDRE DESHAWN TERRY,                    )        TENNESSEE
                                        )
    Defendant-Appellant.              )
                                        )
                                        )

BEFORE:  BOGGS, CLAY, and GILMAN, Circuit Judges.

PER CURIAM.  Andre Deshawn Terry challenges his 24-month sentence imposed by the district court when it revoked his supervised release.  As set forth below, we affirm.

In 2004, Terry pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  The district court sentenced Terry to 108 months of imprisonment followed by two years of supervised release.  Upon remand for resentencing under *United States v. Booker*, 543 U.S. 220 (2005), the district court imposed the same sentence.

Terry's supervised release began on January 26, 2012.  The probation office subsequently petitioned the district court to issue an arrest warrant, asserting that Terry had been arrested on September 18, 2012 and charged with delivery of .5 grams or more of cocaine, in violation of the mandatory supervised-release condition that he not commit another crime.  At the supervised release violation hearing on June 18, 2013, Terry admitted that he violated a condition of his

supervised release by committing the drug-trafficking offense, to which he had pleaded guilty in state court and received a ten-year sentence reduced to time served. Based on Terry's Grade A violation and criminal history category of VI, the sentencing guidelines called for a range of 33 to 41 months of imprisonment. As the district court determined, that range was restricted to 24 months of imprisonment due to the two-year statutory maximum for Terry's underlying Class C offense. *See* 18 U.S.C. § 3583(e)(3). Terry requested that the district court credit the time served in state custody against any federal sentence. The district court sentenced Terry to 24 months of imprisonment, with no further supervision, and expressly left the calculation of credit for time served to the Bureau of Prisons ("BOP").

In this timely appeal, Terry challenges his 24-month sentence as procedurally and substantively unreasonable. We review sentences imposed upon revocation of supervised release in the same way that we review sentences imposed upon conviction—for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). Terry contends that his sentence is procedurally unreasonable because the district court (1) failed to discuss the pertinent sentencing factors set forth in § 3553(a) and (2) failed to provide an adequate explanation for denying his request for a concurrent sentence and ordering his sentence to run consecutively.

Under 18 U.S.C. § 3583(e), the district court, upon finding by a preponderance of the evidence that the defendant violated a condition of supervised release, may revoke the defendant's supervised release and impose a term of imprisonment after considering certain sentencing factors set forth in § 3553(a). However, when revocation and imprisonment are mandatory under § 3583(g) because, as here, the defendant possessed a controlled substance, "the statute does not *require* consideration of the § 3553(a) factors." *United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir. 1994). *See also United States v. Doe*, 617 F.3d 766, 772 (3d Cir. 2010) ("While § 3583(g) does not expressly require consideration of the § 3553(a) factors, it does not prohibit the sentencing court from doing so."). The only limitation in § 3583(g) is that the sentence not exceed the statutory maximum authorized under § 3583(e)(3), which is two years in Terry's case. *See* § 3583(g)(4).

In any event, the district court considered the § 3553(a) factors, including the policy statement range and its restriction due to the statutory maximum, Terry's significant criminal history, which placed him in criminal history category VI, and his dealing cocaine while on supervision, which implicated the need to deter criminal conduct and protect the public. During the sentencing portion of the hearing, Terry's only request was that the district court give him credit for time served in state custody. The district court acknowledged Terry's request, pointing out that he received state credit for that custody, and declined to calculate any credit for time served, leaving that calculation to the BOP. By considering the relevant § 3553(a) factors and addressing Terry's sole argument, the district court imposed a procedurally reasonable sentence. *See United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (citing *Rita v. United States*, 551 U.S. 338, 358 (2007)).

Terry further argues that his sentence was procedurally unreasonable because the district court failed to provide an adequate explanation for denying his request for a concurrent sentence and ordering his sentence to run consecutively. At the time that the district court imposed Terry's 24-month sentence upon revocation of his supervised release, Terry was not serving any other sentence. Terry's state sentence had already been reduced to time served. Therefore, there were no multiple sentences to run consecutively or concurrently. As for any credit for time served, the district court properly left that calculation to the BOP. *See United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons.").

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *Cochrane*, 702 F.3d at 345 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). Terry contends that his sentence was substantively unreasonable because the district court based the sentence on his new drug-trafficking offense rather than his original felon-in-possession offense.

"[T]he United States Supreme Court has specifically explained that 'postrevocation penalties relate to the *original* offense,' rather than the violation conduct." *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (quoting *Johnson v. United States*, 529 U.S. 694, 701 (2000)). As we stated in *Johnson*:

> The violations of a defendant's term of supervised release are properly characterized as "breach[es] of trust" which may be "sanctioned" upon revocation. But the *sanction* for failing to abide by conditions of supervised release is to be distinguished from "the imposition of an appropriate *punishment* for any new criminal conduct" which may occur only following a conviction in a separate criminal proceeding.

*Id.* (quoting U.S.S.G. Ch. 7, Pt. A) (internal citation omitted).

In the instant case, the district court stated: "Also the court cannot have people *on supervision* dealing cocaine. That's just—it's just not possible for me to give reduced sentences to cocaine dealers *while they're on supervision*." (emphasis added). The district court focused on Terry's breach of trust in failing to comply with the conditions of his supervised release and properly sanctioned him for that breach.

For the foregoing reasons, we AFFIRM Terry's 24-month sentence as procedurally and substantively reasonable.