**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0446n.06

**No. 20-5053**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LaMICHAEL McCLAIN, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**
Jul 31, 2020
DEBORAH S. HUNT, Clerk

BEFORE: GIBBONS, GRIFFIN, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant LaMichael McClain appeals a district court order revoking his supervised release and imposing an additional term of imprisonment. Because the sentence is procedurally and substantively reasonable, we affirm.

I.

McClain pleaded guilty to possession with intent to distribute cocaine. The district court sentenced him to sixty months' imprisonment, to be followed by five years of supervised release. McClain finished his custodial sentence and began life anew on supervised release on September 30, 2019.

McClain met his probation officer, Kelly Welsh, on the day of his release. She reiterated the conditions of his supervised release, including his obligation to seek permission before leaving

the Western District of Kentucky, to truthfully answer her questions, and to notify her within seventy-two hours of any arrest or questioning by law enforcement.

Ten days later, McClain flew (on a one-way ticket paid in cash) to Oakland, California. Authorities intercepted McClain (and his travel companion, Toria Watts) at the Oakland airport. They discovered nearly $50,000 in defendant's luggage, and another $20,000 in Watts' possession. The agents seized the money but did not detain the pair.

A few weeks later, Welsh learned of defendant's California exploits and summoned him to her office. McClain initially (and repeatedly) denied going to California and insisted that he did not know what Welsh was talking about, but eventually relented at the meeting's close and admitted that he had gone to California with Watts. He gave multiple explanations for their trip— it was a vacation; he wanted to see a concert; and he went shopping with Watts. He also claimed alternatively that the money belonged to Watts and that he did not know whose money it was. Welsh later interviewed Watts. She contradicted McClain's version of the events, including why the pair had flown to California and who owned the seized money.

Therefore, Welsh filed a violation report and petition for a summons, notifying the court that she believed McClain violated the conditions of his supervised release. The district court held a hearing, wherein Welsh testified to her knowledge of McClain's travel to California, his association with Watts, and his lies to her about those events. The district court also admitted into evidence DEA reports detailing the events in Oakland. The district court found by a preponderance of the evidence that defendant violated the conditions of his supervised release (and he does not contest this finding on appeal).

The Guidelines provided for imprisonment in the range of six-to-twelve months, and Welsh recommended to the district court that it revoke McClain's supervised release and impose a twelve-

month sentence. McClain's wife testified on his behalf for mitigation purposes, noting that he had a steady job as a sales associate at a retail store, they had been married for about two-and-half years, and she was in the midst of a high-risk pregnancy. McClain's counsel argued that those mitigating factors warranted a term of home incarceration rather than returning McClain to prison. Defendant also made a short statement, conceding that he had "messed up or whatever," and apologized for violating his supervised release.

The district court then imposed a top-of-the-Guidelines sentence of twelve months, explaining as follows:

> In determining the particular sentence to be imposed, I have considered the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the defense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

> The kinds of sentence and the sentencing range established for the applicable category of offense . . . committed by the applicable category of defendants as set forth in the advisory guidelines, any pertinent policy statement issued by the sentencing commission, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

> Having considered all of those factors, including the advisory guidelines and 18 USC 3553(a), it is the judgment of the Court that the five-year term of supervised release imposed in this case on March 5th, 2018, and which began on September 30th, 2019, is hereby revoked, and the defendant is committed to the custody of the Bureau of Prisons for a term of twelve months with five years of supervised release to follow.

> \*\*\*

> The Court believes the sentence imposed to be sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2). The Court notes, however, any lower would not provide just punishment. I will say, Mr. McClain, that I considered going above the guidelines range.

McClain's counsel expressed concern that his client was being punished for holding the government to its burden of proof, rather than stipulating to the violation of his supervised release. The court then clarified its reasoning for the twelve-month sentence:

> [T]he sentence was not doubled because of the hearing. The sentence was not doubled from what [the government's attorney] suggested because of anything or any decision you made today or any decision that Mr. McClain made today. The decision to impose a 12-month sentence is because of the decisions that Mr. McClain made in the month after he was released from custody.

And before adjournment, the court encouraged McClain to use the revocation of his supervised release as an opportunity to gain new skills or better his education. It also emphasized the temporal nature of McClain's violation:

> I will say this, Mr. McClain: You served a five-year sentence for trafficking drugs. That could have been an opportunity to change your direction. Ten days after you were released from your five-year sentence, ten days, you bought a one-way ticket to Oakland and took $49,000 with you. Now you, once again, have an opportunity to change your direction, and I hope you take it, and I wish you luck.

The court entered judgment on January 6, 2020, and McClain timely appealed the district court's revocation order.

## II.

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *United States v. Penson*, 526 F.3d 331, 336 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)) (alteration in original). We review sentences imposed for supervised-release violations under the familiar abuse-of-discretion standard through the procedural-and-substantive-reasonableness rubric. *See United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010).

A.

McClain first argues that his sentence was procedurally unreasonable because the district court failed to consider the § 3553(a) factors. In his view, the district court "seemed only to consider punishment" when crafting a sentence. He also claims that because "the trial court did not address the reasons for the revocation of the chosen sentence, other than for punishment purposes, it cannot be evaluated whether the revocation and sentence were procedurally reasonable." We disagree.

"[M]eaningful appellate review [is] the touchstone of procedural reasonableness." *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012) (internal quotation marks and citation omitted). A district court necessarily abuses its sentencing discretion if it fails to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, [or] adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). When imposing a sentence, a district court does not need to recite the § 3553(a) factors; it merely needs to provide enough of an explanation to show that it has considered the parties' arguments and has a reasoned basis for exercising its authority. *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008). Moreover, the Supreme Court has instructed that "[w]hen a judge applies a sentence within the Guidelines range, he or she often does not need to provide a lengthy explanation." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018). If a sentencing judge makes clear that he "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," then a reviewing court may not vacate a sentence on procedural grounds simply because the court disagrees with the specific language used to convey that reasoning. *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 356

(2007)); *see also United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (explaining that we do not require district courts to "exhaustively explain . . . *why* an alternative sentence was *not* selected"). Finally, we give district court "a great deal of deference in explaining a sentence that falls within the Guidelines." *United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009).

Our review of the record demonstrates that the district court considered the relevant § 3553(a) factors in selecting the sentence it imposed and sufficiently explained its rationale for revoking McClain's supervised release and imposing a twelve-month sentence. While not required, the court specifically referenced each of the § 3553(a) factors. *Jeross*, 521 F.3d at 583. And contrary to defendant's contention, the district court did more than merely recite the statute. It made specific reference to McClain's offense of conviction, which is what district courts should consider when examining the "nature and circumstances of the offense." *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011). Thus, the court appropriately considered McClain's underlying drug-trafficking offense when it referred to McClain's prior term of incarceration and expressed its belief that McClain had not taken the opportunity to "change [his] direction" by blatantly violating his supervised release only ten days after finishing his sentence. This also suggests the district court had specific deterrence in mind when it imposed a top-of-the-Guidelines sentence. Finally, the court encouraged McClain to take advantage of vocational opportunities while serving the additional term of imprisonment. *See* § 3553(a)(2)(D). We thus find sufficient evidence in the record to conclude that the district court considered the § 3553(a) factors and adequately explained its reasoning.

## B.

Having rejected McClain's procedural challenges to his sentence, we turn to its substantive reasonableness. "A claim that a sentence is substantively unreasonable is a claim that a sentence

is too long." *Rayyan*, 885 F.3d at 442. The "touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Recla*, 560 F.3d 539, 549 (6th Cir. 2009).

First, defendant suggests that his sentence is too long because he views the district court to have arbitrarily accepted the recommendation of the probation officer, who did not explain why a twelve-month sentence was appropriate. He also observes that the application notes to the Guidelines favor revocation of supervised release for Grade C violations for repeat violators. *See* U.S.S.G. § 7B1.3, app. n.1. Thus, he asserts that revocation was an "extreme reaction" to his first violation. However, given that the district court considered the relevant § 3553(a) factors and gave its own explanation for the sentence it imposed, we cannot conclude that McClain's within-Guidelines sentence was arbitrary.

Second, McClain contends that district court's consideration of an impermissible factor caused it to impose too long a sentence. He views the court to have "used the sanction of revocation and top of the guidelines sentence as a way of punishing an uncharged and unproven attempted [drug] trafficking offense" arising out of the DEA's seizure of money in Oakland. Revocation, of course, may not be used as a substitute for a separate criminal proceeding, but a district court is also not required to sentence a defendant in a vacuum, considering only the fact of violation and not the actual circumstances in which the defendant committed the violation. *Johnson*, 640 F.3d at 207; *see also United States v. Terry*, 574 F. App'x 579, 582 (6th Cir. 2014) ("The district court focused on Terry's breach of trust in failing to comply with the conditions of his supervised release and properly sanctioned him for that breach."). Here, the record reflects that the district court was concerned that McClain seriously breached its trust (mere days after it had been given) by flying halfway across the country without permission while carrying a large

sum of cash, and then lying about it. It thus imposed a sanction proportionate to that breach. We find no support in the record for defendant's contention that the district court revoked his supervised release solely to punish him for uncharged criminal conduct.

Accordingly, the district court's sentence was substantively reasonable.[1]

III.

For these reasons, we affirm the district court's order revoking defendant's supervised release and imposing a twelve-month term of imprisonment for violation of his supervised release.

---

[1]In recent years our circuit has taken inconsistent positions on whether sentencing challenges based upon supposed arbitrariness or consideration of an impermissible factor is better analyzed as a procedural or substantive error. *See, e.g.*, *United States v. Frost*, 770 F. App'x 744, 745 (6th Cir. 2019) (collecting cases). Because we find no error, procedural or substantive, we need not resolve that issue now.