NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0089n.06

No. 21-2652

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Mar 02, 2022
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
|  | ) |
| v. | ) |
|  | ) |
| TERRELL REESE, | ) |
| Defendant-Appellant. | ) |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: SUTTON, Chief Judge; GIBBONS and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Terrell Reese twice violated the terms of his supervised release, each within a few months of completing a prison term. The district court revoked supervision and imposed a custodial sentence after both violations. Reese contends the district court imposed a substantively unreasonable sentence following his second violation when it varied upward from a four-to-ten-month Guidelines range and imposed an eighteen-month term of imprisonment. We disagree and affirm.

I.

In 2014, Reese acted as a lookout while a coconspirator robbed a credit union by passing the teller a note indicating that he was armed and would "kill everybody" if she did not comply with their demands. Reese subsequently pleaded guilty to one count of conspiracy to commit

credit union robbery in violation of 18 U.S.C. §§ 371, 2113(a). He was sentenced to a term of forty-two months incarceration, followed by three years of supervised release.

Shortly after Reese completed his prison sentence, a probation officer concluded that he committed several supervised-release violations. The officer alleged, among other things, that Reese had committed first degree premediated murder under Michigan law, fled from law enforcement after leaving a vehicle where a handgun was present, and associated with another felon. The district court found Reese committed all the charged conduct save the murder, revoked his supervision, and imposed a twelve-month custodial sentence to be followed by twenty-four months of supervised release.

Reese was six months removed from prison when he again ran afoul of the law. In May 2020, Detroit police officers responded to a report of "Shots Fired" and observed a handgun sticking out of Reese's pocket. They arrested him for carrying a concealed weapon in violation of Michigan law, which led to his probation officer again petitioning the district court to revoke his supervised release.[1]

The supervised-release violation report set forth a Guidelines range of four-to-ten months imprisonment and a statutory maximum of two years. Reese admitted guilt, and his attorney asked that the district court impose a custodial sentence at the lower end of the range because Reese was "in the wrong place at the wrong time," there was no evidence connecting Reese to the shooting, and he was young and actively involved with his family. The district court declined, varied upward, and imposed an eighteen-month sentence. The court emphasized the short turnaround between Reese's supervised-release violations and his conduct's inherent risk to the public. In the

---

[1]This also led to a new federal charge and conviction; Reese pleaded guilty to being a felon in possession and was sentenced by a different district court judge to serve twenty-one months in prison.

court's view, the Guidelines range did not accurately reflect an appropriate sentence: "The Court is concerned that the defendant's repetitive behavior here with respect to violent or intended violent misconduct . . . [is] establishing at an early age a very distressing pattern." Its upward variance was a "firm response" to deter such conduct and protect the public. This timely appeal followed.

## II.

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). We review sentences imposed for supervised-release violations under the familiar abuse-of-discretion standard and the procedural-and-substantive-reasonableness rubric. *See United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010). Reese's appeal concerns only whether the district court imposed a substantively reasonable sentence.[2]

An above-Guidelines sentence is neither presumptively reasonable nor presumptively unreasonable. *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016). We review it for abuse of discretion, "whether . . . just outside, or significantly outside the Guidelines range." *United States v. Cunningham*, 669 F.3d 723, 728 (6th Cir. 2012) (citation omitted). However, "a major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50. We consider a sentence to be substantively unreasonable where the district court "place[s] too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). It is in essence a

---

[2]To the extent Reese complains the district court failed to comment about 18 U.S.C § 3553(a)(6)'s sentencing-disparity factor, we see no procedural error. It had a properly calculated Guidelines range before it, meaning it accounted for that factor. *See, e.g.*, *United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021). Regardless, we have "never required the ritual incantation of the factors to affirm a sentence." *United States v. Polihonki*, 543 F.3d 318, 324 (6th Cir. 2008) (citation omitted).

claim that a sentence is "too long (if a defendant appeals) or too short (if the government appeals)." *Id*. Our review "will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. But we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Here, the district court rationally justified its upward variance given the short succession of Reese's violations, each of which involved a firearm and carried a risk to the public. True, the Guidelines range accounted for the existence of his criminal history, but the same cannot be said regarding its rapid repetition; the back-to-back-to-back nature of his offenses and violations indicated a need for deterrence. We have often found that the need for deterrence supports an upward variance when imposing a sentence following revocation of supervised release. *See, e.g.*, *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009). And we do not require district courts to sentence a defendant in a vacuum, considering only the fact of violation and not the actual circumstances in which the defendant committed the violation. *United States v. Johnson*, 640 F.3d 195, 207 (6th Cir. 2011); *see also United States v. Terry*, 574 F. App'x 579, 582 (6th Cir. 2014) ("The district court focused on Terry's breach of trust in failing to comply with the conditions of his supervised release and properly sanctioned him for that breach."). Reese appeared before the district court twice within a short period of time for substantially similar conduct. Given Reese's repetitive violations, the court did not abuse its discretion when it imposed a longer-than-recommended sentence for the second violation. *See United States v. Williams*, 805 F. App'x 374, 379 (6th Cir. 2020) (stating that we have "repeatedly upheld above-guidelines sentences for supervised release violations when the defendant has demonstrated an unwillingness to abide by the conditions of supervised release" and collecting cases). Indeed, our caselaw suggests that the

district court could have gone further: "For an offender who commits multiple supervised-release violations, it is not an abuse of discretion to vary up to the applicable statutory maximum." *United States v. Vines*, 799 F. App'x 371, 375–76 (6th Cir. 2020) (collecting cases).

III.

For these reasons, we affirm the district court's judgment.