NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0223n.06

Case No. 24-5517

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 01, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| DEANDRE BLACKMAN, | ) | KENTUCKY |
| Defendant-Appellant. | ) | |
|  | ) | OPINION |

Before: CLAY, READLER, and DAVIS, Circuit Judges.

CHAD A. READLER, Circuit Judge. After serving a forty-three-month federal sentence, Deandre Blackman continued in his old ways, repeatedly violating the terms of his supervised release. Following his most recent violation, the district court revoked his release and sentenced him to twenty-four months of imprisonment followed by seven years of supervised released. Blackman claims this sentence is unreasonable. We disagree and thus affirm.

I.

Blackman was indicted in 2013 for conspiracy to possess with the intent to distribute heroin, cocaine, oxycodone, and hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), 846. Following Blackman's guilty plea, the district court sentenced him to fifty months in prison followed by three years of supervised release. We later vacated this sentence, finding it procedurally unreasonable. *United States v. Blackman*, 625 F. App'x 231, 243 (6th Cir. 2015).

On remand, the district court imposed a forty-three-month sentence followed by three years of supervised release.

After completing his sentence, Blackman defied the terms of his supervised release in 2018 by both possessing marijuana and diluting his urine sample. The district court revoked his release and imposed a seven-month sentence followed by three years of supervision. History unfortunately repeated itself. In 2020, following his release from prison, Blackman left the district without permission and failed to report contact with law enforcement to his probation officer. As a result of these violations, the district court revoked his supervised release and imposed a sentence of eight months' imprisonment followed by three years of supervised release. Upon completing that sentence, Blackman again disregarded the terms of his supervised release, this time by committing a state offense. Once again, the district court revoked his release and sentenced Blackman to ten months in prison followed by three years of supervised release.

All of that is background to today's appeal, which concerns what is now chapter four in Blackman's series of supervised release violations. In 2024, the government alleged that Blackman was engaging in drug trafficking and had changed his residence without approval, in violation of his release terms. Following a hearing, the district court agreed with the government. Determining that the drug trafficking allegations constituted a Grade A supervised release violation under § 7B1.1(a)(1) of the Sentencing Guidelines, and given Blackman's "Criminal History Category of I," the court found that the applicable guidelines sentencing range was "12 to 18 months." Final Hr'g on Alleged Supervised Release Violations Tr. (hereinafter Hr'g Tr.), R. 528, PageID 2568–69; *see also* U.S. Sent'g Guidelines Manual § 7B1.1(a)(1) (U.S. Sent'g Comm'n 2024); *id.* § 7B1.4(a) (sentencing range for defendant with criminal history I and Grade

A supervised release violation is 12 to 18 months). At the same time, the court noted, the maximum statutory penalty under 18 U.S.C. § 3583(e)(3) was a twenty-four-month sentence.

After considering a number of factors, including the need to protect the public, the need to deter future criminal conduct, and Blackman's repeated breaches of trust the district court ultimately imposed the maximum penalty, twenty-four months, followed by seven years of supervised release. The court also imposed electronic monitoring as a condition of release. At the close of sentencing, the court asked Blackman if he had any objections. He said no. Blackman then appealed.

## II.

A. Blackman first challenges his sentence's procedural reasonableness. To his mind, the district court improperly considered the statutory factors articulated in 18 U.S.C. § 3553(a)(2)(A) when imposing Blackman's twenty-four-month term of incarceration. Appellant Br. 13; *see United States v. Jaimez*, 95 F.4th 1004, 1007–08 (6th Cir. 2024) (reviewing a claim that a court improperly considered § 3553(a)(2)(A) factors for procedural reasonableness). Because Blackman failed to raise this claim before the district court, we evaluate it only for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). To prevail, then, Blackman must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotation marks and citation omitted). He fails to clear this high bar.

Begin with the relevant statutory background. 18 U.S.C. § 3583(e) articulates the factors district courts consider when revoking a defendant's supervised release and imposing a sentence tied to the supervised release violation. *See United States v. Price*, 901 F.3d 746, 751 (6th Cir. 2018). The statute cross-references most of the 18 U.S.C. § 3553(a) sentencing factors. But it

omits the factors spelled out in § 3553(a)(2)(A), which directs courts to impose sentences that "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment." *Compare* 18 U.S.C.§ 3553(a)(2)(A) *with id.* § 3583(e); *see also United States v. Lewis*, 498 F.3d 393, 398 (6th Cir. 2007).

Based on this statutory backdrop, Blackman asserts that the district court erred by considering the § 3553(a)(2)(A) factors in setting Blackman's sentence, rendering the sentence procedurally unreasonable. Appellant Br. 11. At the outset, it bears noting that current precedent forecloses his argument. We have previously held that districts courts may consider the § 3553(a)(2)(A) factors in supervised-release revocations. *United States v. Esteras*, 88 F.4th 1163, 1169 (6th Cir. 2023), *cert. granted*, 145 S. Ct. 413 (2024); *see also Lewis*, 498 F.3d at 399–400 ("[I]t does not constitute reversible error to consider § 3553(a)(2)(A) when imposing a sentence for violation of supervised release, even though this factor is not enumerated in § 3583(e).").

But Blackman's argument fails for an independent reason: the district court did not rely on the § 3553(a)(2)(A) factors when imposing its sentence. Turn to the record. At sentencing, the district court stated that it considered only the § 3553(a) factors incorporated through § 3583(e). Hr'g Tr., *supra*, R. 528, PageID 2576 ("[T]he Court considers a number of additional factors, those that are listed in Title 18, Section 3553, at least those factors that have been incorporated through [Section] 3583."). The court then explained that an in-guidelines sentence would not help "deter future criminal conduct." *Id.* at PageID 2578; 18 U.S.C. § 3553(a)(2)(B). Next, the court reasoned that a twenty-four-month sentence was "absolutely necessary to provide for the safety of the public." Hr'g Tr., *supra*, R. 528, PageID 2579; 18 U.S.C. § 3553(a)(2)(C). Consideration of these factors was proper. *See* 18 U.S.C. § 3583(e). And we have no reason to doubt that in imposing its sentence, the court limited its consideration to its stated factors. *See United States v. Guthrie*,

557 F.3d 243, 256 (6th Cir. 2009) (explaining that appellate courts do not attempt "to read the mind of a sentencing judge, on a search for impropriety"). Thus, we find no support for Blackman's contention that the district court imposed its sentence based upon the factors set forth in § 3553(a)(2)(A).

Resisting this conclusion, Blackman points to multiple statements he claims show the sentence was improperly imposed as punishment, a § 3553(a)(2)(A) factor. Appellant Br. 13–14 (citing Hr'g Tr., *supra*, R. 528, PageID 2578 (noting Blackman was "saved by the statutory maximum because his conduct here really justifies a greater sentence"); *id.* at PageID 2571 ("[I]f he's going to be prosecuted through the state system, we really don't know what the outcome would be in that matter.")). Read in context, none of these statements demonstrate that the court sentenced to punish. At best, the statements are ambiguous as to the court's exact reasons for imposing the sentence, which falls well short of what is needed to prevail on plain error review. *See United States v. Olano*, 507 U.S. 725, 733–34 (1993); *United States v. Tovar*, 480 F. App'x 345, 349 (5th Cir. 2012) (per curiam) (recognizing that evidence that is "unclear" as to the court's intent to punish does not amount to plain error).

Consider, for example, statements that Blackman's "conduct here really justifies a greater sentence," and that he was "saved by the statutory maximum" from receiving a longer sentence. Hr'g Tr., *supra*, R. 528, PageID 2578. These comments followed a lengthy discussion about how Blackman's conduct was a breach of trust. *Id.* at PageID 2576–78; *see United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that violations of a defendant's term of supervised release are "breach[es] of trust" which may be "sanctioned" upon revocation) (quotation omitted). Courts may sanction a defendant for a breach of trust, and in doing so can consider the "seriousness

of the violation conduct when determining the sanction." *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023).

That is just what the court did here. In noting that Blackman's violation was "an egregious one," as he "essentially reengaged in drug trafficking activities," the court stressed it was "focus[ed] primarily on the breach of trust" resulting from this conduct. Hr'g Tr., *supra*, R. 528, PageID 2578; *see Jaimez*, 95 F.4th at 1008 (noting that when a defendant was "originally convicted for conspiring to distribute drugs" and then violates the terms of release by committing another drug offense, this conduct is "particularly relevant" when imposing revocation sentence). Far from revealing that the sentence was imposed to punish for the violative conduct, these comments at most reflect a sanction for the breach of trust. *See United States v. Terry*, 574 F. App'x 579, 582 (6th Cir. 2014) (per curiam) (upholding revocation and sentence where court "focused on [defendant's] breach of trust in failing to comply with the conditions of his supervised release and properly sanctioned him for that breach").

Much the same is true for the court's consideration of whether a state prosecution would result in any punishment. That discussion too followed one about Blackman's breaches of trust. *See* Hr'g Tr., *supra*, R. 528, PageID 2578. And it was likewise tied to the court's explicit (and appropriate) consideration of the "need to deter future criminal conduct." *Id.* None of these statements, in short, reflect that the district court imposed its sentence for the purpose of punishment.

B. Next, Blackman argues that the seven-year supervised release term with a condition of electronic monitoring is procedurally unreasonable because it too was imposed to punish him. Once again, we review this unpreserved issue for plain error. *See Price*, 901 F.3d at 749; *United States v. Zobel*, 696 F.3d 558, 573 (6th Cir. 2012).

6

Upon revoking a term of supervised release and imposing a term of imprisonment, a court may also require that a defendant be placed on a term of supervised release following prison. *United States v. Brown*, 639 F.3d 735, 736–37 (6th Cir. 2011) (quoting 18 U.S.C. § 3583(h)). The district court did so, imposing a seven-year term of supervised release with the condition of electronic monitoring. The court reached that decision after considering the relevant § 3553(a) factors. Hr'g Tr., *supra*, R. 528, PageID 2579; *see Zobel*, 696 F.3d at 572; *United States v. Presto*, 498 F.3d 415, 419 (6th Cir. 2007) (finding a supervised release term reasonable where "the district court . . . engaged in a single consideration of the sentencing factors, which embraced both the incarceration sentence and the supervised release term"). In imposing the seven-year term, the court stressed such a term was "necessary to provide for the safety of the public and to provide a measure of deterrence." Hr'g Tr., *supra*, R. 528, PageID 2579; *see also Johnson v. United States*, 529 U.S. 694, 709 (2000) (observing that "[a] violation of the terms of supervised release tends to confirm the judgment that help was necessary" because "no prisoner needs [supervised release] more than one who has already tried liberty and failed"). Seven years, to be sure, is a lengthy term. But we do not infer a particular motive based on the length of the sentence. *See Guthrie*, 557 F.3d at 256.

Blackman characterizes the seven-year term as punitive because it "represents a significant departure from the court's prior determinations about the appropriate length of [his] supervision." Appellant Br. 18. As already explained, the district court never relied on punishment as a factor when imposing Blackman's sentence. And with respect to electronic location monitoring, it was Blackman who suggested to the district court that such a condition "could help assist the probation office" ensure that he was adhering to the terms of his release. Hr'g Tr., *supra*, R. 528, PageID 2575. Understandably, Blackman "cannot agree in open court" with the district court "and then

charge the court with error in following that course." *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (quotation omitted); *see also United States v. Hanna*, 661 F.3d 271, 293 (6th Cir. 2011) (holding that defendant may not rely upon error committed at his urging). Thus, both the seven-year term of supervised release and its accompanying conditions are reasonable.

C. Finally, Blackman seems nominally to challenge the substantive reasonableness of his sentence and supervised release term, stating that an above guidelines sentence and seven-year term were "unreasonable." Appellant Br. 9. His appellate briefs, however, offer no further support. Blackman has therefore forfeited the point. *See United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir. 1999) (reciting how a party forfeits issues that are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (citation omitted)).

And, in any event, to the extent Blackman believes these sentences are too long, "[t]he mere fact that [he] desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Rather, "judgments about the appropriate length of a sentence are largely for trial courts, not appellate courts." *United States v. Johnson*, 934 F.3d 498, 502 (6th Cir. 2019).

\* \* \* \* \*

We affirm.